**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> ) <br> **v.** ) <br> ) **Criminal Action No. 2011-027** <br> ) <br> **CHARLES BOYD ALLEN III and DONDRAE** ) <br> **DEMAS JOHNSON,** ) <br> ) <br> **Defendants.** ) <br> ) | |

**Attorneys:**
**Allan F. John-Baptiste, Esq.,**
St. Croix, U.S.V.I.
 *For the United States*

**Emile A. Henderson, III, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant Charles Boyd Allen, III*

**Natalie Nelson Tang How, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant Dondrae Demas Johnson*

## MEMORANDUM OPINION

**Lewis, District Judge**

 THIS MATTER comes before the Court on the Government's three Notices of Defendant Allen's unavailability for trial, (Dkt. Nos. 135, 143, 158), and Defendant Allen's three responses, (Dkt. Nos. 137, 159, 164), regarding Defendant Allen's quarantine at the Guaynabo Metropolitan Detention Center which extended through his July 30, 2012 and August 22, 2012 trial dates. After continuing the July 30, 2012 trial until August 22, 2012, (Dkt. Nos. 144, 155), on August 21, 2012, the Court continued the August 22, 2012 trial "based on the conclusion that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C.

§ 3161(h)(7)(A) (Dkt. No. 174). By this Memorandum Opinion, the Court records its findings underlying the "ends of justice" continuance embodied in the Court's August 21, 2012 Order. (Dkt. No. 174). *See, e.g. United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) ("The language of the statute [the Speedy Trial Act] does not specify when the court's findings must be recorded, and the purposes of the statute are satisfied by a subsequent articulation.").

## I. Factual Background

Defendants Charles Boyd Allen, III and Dondrae Demas Johnson were indicted on November 15, 2011.[1] Defendant Allen first appeared before the Court on January 11, 2012, (Dkt. No. 13), and Defendant Johnson first appeared before the Court on February 13, 2012, (Dkt. No. 40).[2]

Trial in this matter was originally scheduled for June 18, 2012. On May 18, 2012, the Government filed a motion to continue the trial on the grounds that its essential witnesses were unavailable on this date. The Government represented that "[c]ounsels for Charles Boyd Allen (Attorney Emile Henderson) and Dondrae Demas Johnson (Attorney Natalie Nelson Tang-How) have represented to the Government that they have no objections to the trial in this matter being continued to the week of July 23, 2012." (Dkt. No. 106 at 1). On May 18, 2012, the Court granted the Government's unopposed Motion to continue the June 18, 2012 trial, (Dkt. No. 107),

---

[1] Defendant Allen is charged with possession of a stolen security, in violation of 18 U.S.C. § 2315; possession and utterance of a forged security and possession and utterance of counterfeit securities, in violation of 18 U.S.C. § 513(a); and bank fraud, in violation of 18 U.S.C. § 1344. Defendant Johnson is charged with possession and utterance of counterfeit securities, in violation of 18 U.S.C. § 513(a), and bank fraud, in violation of 18 U.S.C. § 1344.

[2] On March 12, 2012, Defendant Johnson filed a "Motion to Dismiss for Lack of Venue," (Dkt. No. 66), and on March 20, 2012, Defendant Allen filed his "Notice of Joinder in Defendant Dondrae Johnson's Motion [to] Dismiss for Lack of Venue," (Dkt. No. 70). An evidentiary hearing and oral argument were held on July 26 and 27, 2012. The Motion to Dismiss is pending.

and the trial was subsequently re-scheduled for July 30, 2012.

On July 20, 2012, the Government filed its "Notice of Defendant Charles Allen's Availability for Trial," (Dkt. No. 135), in which it represented that Defendant Allen had "been exposed to chickenpox while detained at Guaynabo Metropolitan Detention Center" and that Defendant Allen would be under quarantine until August 9, 2012. *Id*. at 1. The Government requested "that the Court issue an Order indicating if it intends to proceed with trial on July 30, 2012." *Id*.

The same day, Defendant Allen filed his "Response to Government's Notice of Defendant's Availability for Trial," in which he represented that he previously had chickenpox, making him "less likely to be re-exposed during this present outbreak." (Dkt. No. 137 at 2). Defendant Allen further provided that he is "entitled to a speedy trial" and that he does not request a continuance of the trial. *Id*.

At the July 26, 2012 pretrial conference, the Court engaged in a colloquy with the parties regarding Defendant Allen's availability for the July 30, 2012 trial. Defendant Allen, through his counsel, stated that he "would prefer for the trial to go forward on Monday [July 30, 2012]" although Defendant Allen's counsel expressed concern that the quarantine would impede his ability to consult with Defendant Allen before the trial. Defendant Johnson represented that "he is at a disadvantage here, because [he] is ready to go forward" and expressed his desire to proceed to trial as expeditiously as possible. The Court ordered the Government to provide an official document from the Guaynabo Metropolitan Detention Center regarding the necessity and duration of the quarantine.

On July 27, 2012, the Government filed its "Renewed Notice of Defendant Charles Allen's Availability for Trial," (Dkt. No. 143), with an attached letter from Jorge L. Matos, Esq.,

Supervisory Attorney Advisor at the Guaynabo Metropolitan Detention Center. (Dkt Nos. 143, 143-1). In the letter, Attorney Matos represented that Defendant Allen's blood sample indicated that he is not immune to the chickenpox virus and that "he will continue under quarantine until August 9, 2012." (Dkt. No. 143-1 at 1). Attorney Matos explained that "[t]he quarantine may continue as new cases are identified, and this determination cannot be made until further testing for varicella is conducted at the end of the quarantine period." *Id*. Attorney Matos further explained that "the decision to place under quarantine Unit 1A [where Defendant Allen is housed] was made not only to prevent the potential spread of varicella [chickenpox] within the institution, but to protect the public as well." *Id*. at 2. On July 27, 2012, following receipt of the Government's filing with the attached letter from Attorney Matos, the Court continued the July 30, 2012 trial until a date to be determined by the Court. (Dkt. No. 144). On August 6, 2012, the Court ordered that the jury trial in this matter would commence on August 22, 2012. (Dkt. No. 155).

On August 9, 2012, the Government filed its "Third Notice of Defendant Charles Allen's Availability for Trial," (Dkt. No. 158), representing that it "received notice from the legal department of the Guaynabo Metropolitan Detention Center in Puerto [Rico], that the initial quarantine period for Charles Allen has been extended to August 27, 2012." (Dkt. No. 158 at 1). With this filing, the Government attached a second letter from Attorney Matos, explaining that "[t]wo new cases of varicella were identified by medical personnel in Unit 1A at MDC Guaynabo" and "[t]he initial quarantine period was extended until August 27, 2012." (Dkt. No. 158-1 at 1). Attorney Matos explained that Defendant Allen remained on the list of non-immune inmates and that "[i]f on August 27, 2012 no new cases of varicella are identified, the quarantine will be lifted." *Id*.

On August 10, 2012, Defendant Allen filed his "Notice to [the] Court regarding Defendant Charles Boyd Allen III's Right to a Speedy Trial," in which he responded to the Government's Notice by "giv[ing] notice to the Court that he <u>will not</u> waive his right to a speedy trial." (Dkt. No. 159 at 1) (underline in original). That same day, the Court ordered the Government to "submit a medical statement from a doctor or other appropriate medical personnel at Guaynabo Metropolitan Detention Center that explains the need for further quarantine of Defendant Allen, including any potential health concerns, as it pertains to Defendant Allen or others, posed by Defendant Allen's presence in court on August 22, 2012." (Dkt. No. 160). The Court also ordered Defendants Allen and Johnson to respond to the Government's filing, and scheduled a status conference for August 16, 2012. *Id*.[3]

On August 14, 2012, the Government filed its "Memorandum Re: Defendant Charles Allen's Availability for Trial." (Dkt. No. 163). The Government included as Exhibit 2 to its Memorandum a letter from Ada I. Rivera, M.D., Clinical Director of Guaynabo Metropolitan Detention Center. In this letter, Dr. Rivera stated:

> This inmate [Charles Allen] is currently housed in unit 1A. This unit is under quarantine due to a Varicella (chickenpox) outbreak. His laboratory test for immunity indicates that he is not immune . . . Patients may be infectious to others a few days prior to development of any symptoms. If this inmate is moved prior to the current cutoff date [August 30, 2012], there is a potential for him to spread the virus to others during transport and/or court hearings. Varicella in an adult can present with many medical complications. For this reason, quarantine status

---

[3] On August 12, 2012, Defendant Allen filed a "Motion to Reschedule the Status Hearing Scheduled for August 16, 2012" on the grounds that his counsel was unavailable for the August 16, 2012 status conference. (Dkt. No. 161). On August 14, 2012, the Court granted Defendant Allen's Motion and rescheduled the status conference for August 17, 2012. (Dkt. No. 166). On August 16, 2012, Defendant Allen filed a "Motion to Reschedule Status Hearing Scheduled for August 17, 2012," (Dkt. No. 168) on the grounds that Defendant Allen's "[c]ounsel will also be off-island at the time of the scheduled status hearing." *Id*. at 1. On August 16, 2012, the Court granted Defendant Allen's motion and continued the status conference until further order of the Court. (Dkt. No. 171).

should be taken very seriously and followed in accordance to Center for Disease Control guidelines and Bureau of Prison's clinical practice guidelines.

(Dkt. No. 163-2 at 1). By way of explanation of the new August 30, 2012 cut-off date, the Government represented in its Memorandum that on August 13, 2012, it contacted the legal department at Guaynabo Metropolitan Detention Center and was informed "that due to another case of varicella [chickenpox] within the unit Allen is detained in, the quarantine period for Allen has been extended [from August 27, 2012] to August 30, 2012." (Dkt. No. 163 at 2). The Government nevertheless "maintain[ed] that it is prepared to go forward with the trial that is scheduled for August 22, 2012, and is <u>not</u> seeking a continuance." (Dkt. No. 163 at 3-4) (underline in original).

On August 14, 2012, Defendant Allen filed his "Response to Government's Memorandum Regarding Defendant's Availability for Trial." (Dkt. No. 164). In response to the Government's representation that it was ready to proceed to trial, Defendant Allen argued that the quarantine has precluded his ability "to meet with his counsel to assist in the final preparation for his defense." *Id*. at 2. In light of some additional documents produced by the Government during the July 26, 2012 and July 27, 2012 oral argument and evidentiary hearing on Defendants' Motion to Dismiss for Lack of Venue, Defendant Allen further maintained that he "has not had an opportunity to review and discuss [these documents] with his counsel in preparation for trial." *Id*. Defendant Allen contended that "having this trial go forward without Defendant present would clearly violate his rights, and Defendant is not willing to waive his right to a speedy trial." *Id*. In his conclusion, Defendant Allen stated that he "leaves the determination [of how to proceed] to the wisdom of the Court." *Id*.[4]

---

[4] Defendant Johnson did not file a response to the Government's Memorandum Regarding

On August 15, 2012, the Government filed its Reply to Defendant Allen's Response, stating that "there is nothing more that the government or the United States Marshal Service could have done to ensure Allen's appearance at the trials that were scheduled for July 30, 2012 or August 22, 2012, especially since Allen's exposure to varicella could serve as a risk of infection to others if he were transported to St. Croix." (Dkt. No. 167 at 2). Regarding Defendant Allen's claim that he has been unable to meet with his counsel for the purpose of final trial preparation, the Government argued that "Allen has been in the territory on numerous occasions where his attorney would have had an opportunity to consult with him. With the exception of the documents Allen's attorney received on July 26, 2012 and July 27, 2012, Allen and his attorney [have] had in their possession, every document the government intends to introduce at trial." *Id*. The Government further argued that "the documents that Allen's attorney received on July 26, 2012 and July 27, 2012 were not the type of complicated documents that would require this case to be continued to provide him additional time to prepare." *Id*. The Government concluded that "if this Court were to consider continuing this case, it should be as a result of Allen's exposure to varicella, and his appearance at trial being impracticable." *Id*. at 3.

## II. Analysis

"Congress enacted the Speedy Trial Act to 'give effect to the Sixth Amendment right to a speedy trial' by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Brooks*, 697 F.2d 517, 520 (3d Cir. 1982) (citing H. R. Rep. No. 1508, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S. Code Cong., & Ad. News 7401, 7402). The Speedy Trial Act requires that a defendant be brought to trial within seventy days following his indictment or first appearance before the Court, whichever date

---

Defendant Allen's Availability for Trial.

occurs later. 18 U.S.C. § 3161(c)(1). However, certain periods of delay "shall be excluded in . . . computing the time within which the trial of any such offense must commence," including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A); *United States v. Rivera Const. Co.*, 863 F.2d 293 (3d Cir. 1988) ("Certain delays in commencing the trial may be excluded from calculation of the 70-day period" including "a continuance on the basis of . . . the ends of justice . . . .").

For the period of delay following an "ends of justice" continuance to be excludable, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The requirement that district courts articulate their reasons for granting an "ends of justice" continuance serves two purposes:

> First, Congress wanted to insure that a district judge would give careful consideration when balancing the need for delay against "the interest of the defendant and of society in achieving speedy trial." S. Rep. No. 1021, 93d Cong., 2d Sess. 39 (1974). Second, the requirement provides a record so that an appellate court may review the decision. *United States v. Molt,* 631 F.2d 258, 262 (3d Cir.1980). If a district court's statements do not comport with these two purposes, they are not sufficient to satisfy the statutory command that "reasons" be set forth "in the record of the case." 18 U.S.C. § 3161(h)(8)(A). Without properly explained reasons, the delay caused by a continuance is not an excludible item.

*United States v. Brooks*, 697 F.2d at 520. With this requirement in mind, the Court articulates its reasons for concluding that the "ends of justice served by" continuing the August 22, 2012 trial "outweigh the best interest of the public and the defendant in a speedy trial." *See* § 3161(h)(7)(A).

The Court recognizes that the interest in a speedy criminal trial is shared by both the public and the defendant. *United States v. Rivera Const. Co.*, 863 F.2d at 296 n.4 ("The right to a speedy criminal trial belongs not just to the defendant, but to the public as well."); *United States v. Carrasquillo*, 667 F.2d 382, 389 (3d Cir. 1981) ("Both the defendant and the public have an interest in a speedy criminal trial."). In contemplating the Speedy Trial Act, the House Committee on the Judiciary emphasized the public's interest in speedy criminal trials:

> The Committee believes that the right to a speedy trial belongs not only to the defendant, but to society as well. A defendant who is charged with a violation of the law becomes a burden to society in the sense that his status consumes the time and energy of all components of the criminal justice system with which he comes in contact: the police, magistrate, clerks of court, probation officers, judges and others.

*United States v. Carrasquillo*, 667 F.2d at 389 (quoting H. R. Rep. No. 1508, supra, at 15, (1974) U.S.Code Cong. & Ad.News 7408).

Notwithstanding the importance of these interests, the circumstances here compel the conclusion that the "ends of justice served by the granting of [a] continuance outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Court has received information that: there have been multiple outbreaks of chickenpox—a contagious virus—in the unit in which Defendant Allen is housed at the Guaynabo Metropolitan Detention Center; Defendant Allen's laboratory tests indicate that he is not immune to the virus; individuals may be infectious to others prior to the development of symptoms; if Defendant Allen is moved prior to the cut-off date, there is a potential for the spread of the virus during transport and/or court hearings; and the virus can present with many medical complications in adults. For these reasons, the Court has been advised by medical personnel at Guaynabo Metropolitan Detention Center that "quarantine status should be taken very seriously and followed in accordance to

9

Center for Disease Control guidelines and Bureau of Prison's clinical practice guidelines." (Dkt. No. 163-2 at 1). Under these circumstances, including the obvious benefit to the public of containing a harmful contagion, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

In deciding whether to grant an "ends of justice" continuance, the Court is also directed to consider the factors enumerated within the Speedy Trial Act. *See, e.g. United States v. Lattany*, 982 F.2d 866, 871 (3d Cir. 1992). ("The Speedy Trial Act provides that "[b]efore excluding a period of time under an 'ends of justice' continuance . . . the district court must consider certain factors in determining whether such a continuance should be granted . . . ."). Section 3161(h)(7)(B) enumerates the "factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) . . .":

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B). In this case, the Court's "ends of justice" continuance is driven by public health concerns, rather than the impossibility of a future proceeding; a potential miscarriage of justice; the complexity of the case; the timing of the arrest or indictment; or interference with either party's representation. However, the Court notes that the continuance will not preclude the continuation of the proceeding, result in a miscarriage of justice, or deny either party continuity of counsel or reasonable time for effective preparation.

The Court is aware that Defendants Allen and Johnson have not waived their right to a speedy trial and have expressed their desire to proceed to trial expeditiously. Recognizing the importance of Defendants' Sixth Amendment right, and mindful that "once a district court grants a continuance [it is] 'strongly urged' [that] district courts [not] 'wait and rely on counsel to inform them when defendants are ready to go to trial,'" *United States v. Gutierrez*, 351 F. App'x. 697, 700 (3d Cir. 2009) (quoting *United States v. Lattany*, 982 at 883), the Court, in its accompanying Order, has scheduled this trial to commence on September 10, 2012.

### III.  Conclusion

For the foregoing reasons, the Court finds that the "ends of justice" served by continuing the August 22, 2012 trial "outweigh the best interest of the public and the defendant in a speedy trial." *See* § 3161(h)(7)(A). An appropriate Order accompanies this Opinion.

Date: August 30, 2012                               _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge